## Case No. 2,491.

CASE et al. v. DOUGLAS et al.

[1 Dill. 299.] [1]

Circuit Court, D. Nebraska. 1870.

REMOVAL OF CAUSES—ACT OF MARCH 2, 1867.

Under the act of March 2, 1867 (14 Stat. 558), where the suit in the state court is brought by copartners on a firm demand, the defendants are not entitled to have the same removed to the federal court on filing a petition and affidavit showing that a part of the plaintiffs are citizens of the state in which the suit is brought and the defendants are citizens of another state; in such case, in order to authorize the removal, all of the plaintiffs should be shown to be citizens of the state in which the suit was brought.

[Cited in Grover & Baker S. M. Co. v. Florence S. M. Co., 18 Wall. (85 U. S.) 587; Petterson v. Chapman, Case No. 11.042.]

This is an action by D. W. Case, R. B. Beals, and H. H. Denton, partners, under the name of Case, Denton & Co., against the defendants, copartners, under the name of Douglas, Brown & Co., to recover for work and labor performed by the plaintiffs' firm for the defendants.

The action was commenced in 1869, in one of the state courts of Nebraska. After answer, the defendants filed, under the act of March 2, 1867 (14 Stat. 588), their petition to remove the action to this court.

The petition for removal sets forth, inter alia, "that the plaintiffs, or at least the said D. W. Case, who is the active manager of said suit in behalf of said plaintiffs, and the said R. B. Beals are citizens of the state of Nebraska, and that the defendants are citizens of the state of Iowa; that the matter in dispute exceeds, etc., and that by reason of prejudice and local influence, the defendants will not be able to obtain justice in the district court of the state," etc.

The state court ordered a removal of the cause as prayed, and in this court the plaintiffs now move to remand the same "because the petition and affidavit do not show that the federal court has jurisdiction, inasmuch as all the parties plaintiffs do not appear to be citizens of the state of Nebraska."

George W. Doane and John Carrigan, for the motion.

Isaac Cook, contra.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. The motion to remand must be granted. The application for removal was based upon the act of March 2, 1867 (14 Stat. 558). This act provides, under certain circumstances, for such removal where "there is a controversy between the citizen of the state in which the suit is brought, and a citizen of another state."

This language is taken from the judiciary act, and, so far as respects the question now presented, its meaning had been judicially determined long before the act of March 2, 1867, was passed. In adopting that language in the later act, congress must be taken to have adopted also its settled construction, which is that where the interest is joint each of the parties concerned therein must be competent to sue in the federal courts, and this competency must appear on the record. Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267; Corporation of New Orleans v. Winter, 1 Wheat. [14 U. S.] 91; Moffat v. Soley [Case No. 9,688]; Commercial & Railroad Bank v. Slocomb, 14 Pet. [39 U. S.] 60; Irvine v. Lowry, Id. 293; Bank of Cumberland v. Willis [Case No. 885]; Allin v. Robinson [Id. 249]; Susquehanna & W. V. Railroad & Coal Co. v. Blatchford, 11 Wall. [78 U. S.] 172; Sands v. Smith [Case No. 12,305.]

Applying these principles to the present case, it is obvious that the removal was improperly ordered, since it does not appear that all of the plaintiffs were citizens of Nebraska. For aught that is shown one of them may be a citizen of the same state as the defendants.

The case is distinguishable from that of Sands v. Smith [supra], where the right of removal given by the judiciary act was held to be affected by the act of February 28, 1839 [5 Stat. 321], and of July 27, 1866 [14 Stat. 306], in relation to defendants. Motion granted.

NOTE [from second edition of original report]. Removal to federal court on ground of citizenship authorized only when all plaintiffs are competent to sue all defendants in federal court. Cited: Petterson v. Chapman [Case No. 11.042]; Florence S. M. Co. v. Grover & Baker S. M. Co., 110 Mass. 80.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]